IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CANDACE Y. KOH and DANIEL KOH | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:13cv142 |
| | § |
| WELLS FARGO BANK, N.A., Servicing | § |
| Agent for U.S. BANK N.A. as Trustee to | § |
| WACHOVIA BANK N.A. as Trustee | § |
| for WELLS FARGO ASSET | § |
| SECURITIES CORPORATION, | § |
| MORTGAGE PASS-THROUGH | § |
| CERTIFICATE, SERIES 2004-AA | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Court held a hearing on Plaintiffs' Emergency Motion for Preliminary Injunction (Dkt. 15) on August 5, 2013. Having considered the testimony of Daniel Koh and the evidence presented and for the reasons state on the record, the motion is DENIED.

In their motion, Plaintiffs seek to enjoin the foreclosure sale scheduled on August 6, 2013 for their home located at 4408 Dade Drive, Flower Mound, Texas 75028 ("the Property"). Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d). A plaintiff seeking injunctive relief must show:

>   (1)   a substantial likelihood of success on the merits,
>
>   (2)   a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted,
>
>   (3)   that the threatened injury outweighs any damage that the injunction might cause the defendant, and
>
>   (4)   that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Plaintiffs bear the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506.

Having considered the testimony and evidence presented, the Court finds that Plaintiffs have not demonstrated a likelihood of success on the merits such that the foreclosure should be restrained. At the hearing, Plaintiff Daniel Koh conceded that he had not made all payments to Wells Fargo and was not current on his loan payments at this time. *See, e.g. Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party"); *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 3 (N.D. Tex. 2012) ("Moreover, Plaintiffs do not allege that they performed under the Note or Deed of Trust, and they acknowledge that the property was transferred to CitiMortgage but contend merely that the assignment was invalid because the Note and Deed were split. Accordingly, Plaintiffs' claims on this ground fail to state a claim upon which relief can be granted."). Having considered the undisputed fact that (with the exception of payments under a forbearance agreement) Plaintiffs have not made regular house payments to Wells Fargo for more than three years[1] as well as Plaintiff

---

[1] Plaintiff also acknowledged that he is delinquent on homeowner's association dues.

Daniel Koh's concessions that Plaintiffs have not made the final payment on the parties' forbearance agreement, that no permanent loan modification was entered into, and that Plaintiffs are not able to pay the amount to reinstate the loan or payoff the Note, the Court finds that Plaintiffs have not demonstrated a likelihood of success on any claim that Defendant is not entitled to exercise its rights under the parties' agreement. Plaintiff's contention that he was told that he would never have to pay the final payment on the forbearance agreement (totaling more than $70,000) because another agreement would be worked out before then is simply not enough at this time to sustain his burden in showing he will succeed on his claims regarding Defendant's promises. *Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 3213633, 5 (5th Cir. 2013) ("Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds."); *Gordon v. JPMorgan Chase Bank, N.A.*, 505 Fed. Appx. 361, 365, 2013 WL 49587, 4 (5th Cir. 2013) ("to show promissory estoppel the promisor must have promised to sign a written document that would satisfy the statute of frauds."); *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. App'x. 200, 205, 2012 WL 1758597, 3 (5th Cir. 2012) ("under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort."); *Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012) ("representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact" and will not support a misrepresentation claim); *Milton v. U.S. Bank Nat. Ass'n*, 2013 WL 264561, 2 (5th Cir. 2013) (plaintiff did not state viable negligent misrepresentation claim based on promise that mortgage servicer would not foreclose during loan modification because it was promise of future

conduct).

The Court notes that this is, according to Plaintiff's own testimony, the third failed attempt at modifying the loan, and that, as conceded by Plaintiff, foreclosure could have happened long ago based on his failure to make the agreed monthly payments. Therefore, the Court is equally not satisfied as to a showing of irreparable harm regarding the loss of Plaintiffs' home. *See Pennington v. HSBC Bank USA, N.A.*, 493 Fed. Appx. 548, 556, 2012 WL 4513333, 5 (5th Cir. 2012) ("If they truly were unable to make the payments, they still would have fallen behind, accrued interest, suffered late charges, and owed addition payments on that interest."). If Plaintiffs' claims survive to trial, any recovery can be had through appropriate money damages.

For these reasons, the Court DENIES Plaintiffs' Emergency Motion for Preliminary Injunction (Dkt. 15).

**SO ORDERED.**

SIGNED this 6th day of August, 2013.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE